UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------X  
MATTHEW C. HARRISON, JR.,

                                   Plaintiff,

        -against-

SIVAN RUBINOV, ESTER MALCA RUBINOV a/k/a  
ESTHER RUBINOV, and SIVAN R GOLD LLC,

                                  Defendants.  
-------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, by his attorneys, VLOCK & ASSOCIATES, P.C., complains against the Defendants as follows:

## THE PARTIES

1. Plaintiff MATTHEW C. HARRISON, JR. is an individual residing at 59 Maple Avenue, Greenwich, Connecticut 06830.

2. Upon information and belief, Defendant SIVAN RUBINOV is an individual residing at 166-21 67th Avenue, Fresh Meadows, New York 11365.

3. Upon information and belief, Defendant ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV is an individual residing at 166-21 67th Avenue, Fresh Meadows, New York 11365.

4. Upon information and belief, Defendant SIVAN R GOLD LLC is a limited liability company organized and existing pursuant to the laws of the State of Florida, having an address at

166-21 67th Avenue, Fresh Meadows, New York 11365. The members of Defendant SIVAN R GOLD LLC are Defendants SIVAN RUBINOV and ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV.

## JURISDICTION AND VENUE

5. Jurisdiction over the subject matter of this action is properly in this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties. The amount in controversy herein exceeds the sum of $75,000.00.

6. Venue is pursuant to 28 U.S.C. § 1391, as the Defendants resides in the Eastern District of New York.

## FIRST CAUSE OF ACTION

7. On or about August 2, 2017, Plaintiff commenced an Adversary Proceeding in the United States Bankruptcy Court, Southern District of New York, entitled "Matthew C. Harrison, Jr. v. Roni Rubinov, et al," Adv. Pr. No. 17-1103 (MEW) ("Adversary Proceeding").

8. On or about April 29, 2020, the United States Bankruptcy Court, Southern District of New York, issued a Judgment in favor of Plaintiff and against New Liberty Pawn Shop, Inc. and its owner Roni Rubinov, in the sum of $1,242,722.07 ("Judgment").

9. On May 28, 2019, New Liberty Pawn Shop, Inc., issued a check signed by Roni Rubinov, to his wife, Defendant SIVAN RUBINOV, in the sum of $201,000.00. The said check

was deposited in an account in the name of, maintained by and/or accessible by both Roni Rubinov and Defendant SIVAN RUBINOV.

10. On May 31, 2019, New Liberty Pawn Shop, Inc., issued a check signed by Roni Rubinov, to his wife, Defendant SIVAN RUBINOV, in the sum of $196,500.00. The said check was deposited in an account in the name of, maintained by and/or accessible by both Roni Rubinov and Defendant SIVAN RUBINOV.

11. On or about June 21, 2019, Defendant SIVAN RUBINOV purchased a condominium unit in the La Mer Condominium Estates West, known as and located at 1880 South Ocean Drive, Unit No. TS-503, Hallandale Beach, Florida, utilizing the funds from New Liberty Pawn Shop, Inc. and Roni Rubinov. The purchase price of the said condominium unit was $530,000.00. Defendant SIVAN RUBINOV and Roni Rubinov executed a Mortgage against the aforesaid condominium unit.

12. On or about March 17, 2021, Defendants SIVAN RUBINOV and ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV, purchased a condominium unit in the La Mer Condominium Estates West, known as and located at 1880 South Ocean Drive, Unit No. TS-502, Hallandale Beach, Florida, utilizing the funds from New Liberty Pawn Shop, Inc. and Roni Rubinov. The purchase price of the said condominium unit was $357,510.00. The said condominium unit was titled in the name of Defendant SIVAN R GOLD LLC, which is owned by Defendants SIVAN RUBINOV and ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV and managed by Roni Rubinov.

13. The aforesaid transfers and conveyances were made by and/or at the direction of New Liberty Pawn Shop, Inc., Roni Rubinov and/or Defendants.

14. The aforesaid transfers and conveyances were made without adequate consideration.

15. The aforesaid transfers and conveyances were made at a time when New Liberty Pawn Shop, Inc. and Roni Rubinov were justly indebted to Plaintiff.

16. Plaintiff has not been able to satisfy the Judgment against New Liberty Pawn Shop, Inc., and Roni Rubinov.

17. Pursuant to New York Debtor and Creditor Law ("DCL") § 276, the aforesaid transfers and conveyances were made by New Liberty Pawn Shop, Inc., Roni Rubinov and SIVAN RUBINOV, ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV, and SIVAN R GOLD LLC with actual intent to defraud, hinder or delay creditors, causing damage to Plaintiff. [1]

**SECOND CAUSE OF ACTION**

18. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

19. Pursuant to DCL § 273, the said transfers and conveyances were effectuated by Defendants with intent presumed in law to defraud, hinder and delay creditors, were made without

---

[1] All references to DCL herein refer to provisions in effect prior to the enactment of the Uniform Voidable Transaction Act, which occurred after the date of the fraudulent conveyances complained of herein.

adequate consideration, and were made at a time when New Liberty Pawn Shop, Inc., and Roni Rubinov was insolvent, or was thereby rendered insolvent, causing damage to Plaintiff.

## THIRD CAUSE OF ACTION

20. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

21. Pursuant to DCL § 273-a, the said transfers and conveyances were effectuated at a time when New Liberty Pawn Shop, Inc., and Roni Rubinov were defendants in the Adversary Proceeding, and the Judgment issued therein has not been satisfied.

## FOURTH CAUSE OF ACTION

22. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

23. Defendants devised and implemented a plan to render New Liberty Pawn Shop, Inc. and Roni Rubinov wholly insolvent and judgment proof. The said conveyances were made by Defendants with the intent to prevent Plaintiff from recovering on a debt justly owed.

24. By reason of the said plan and the said conveyance, Defendants tortiously interfered with the collectability of the debt owed by New Liberty Pawn Shop, Inc., and Roni Rubinov.

25. As a result thereof, Defendants SIVAN RUBINOV, ESTER MALCA RUBINOV a/k/a ESTHER RUBINOV, and SIVAN R GOLD LLC are liable for the damages caused to Plaintiff.

## FIFTH CAUSE OF ACTION

26. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

27. There was no legal justification for the aforesaid plan and conveyances, which have caused unjustifiable injury to Plaintiff.

## SIXTH CAUSE OF ACTION

28. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

29. Pursuant to DCL § 276-a, Plaintiff is entitled to recover its attorneys' fees and expenses incurred in this action.

## DEMAND FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

a. In the sum of $914,010.00, together with interest from April 29, 2020;

b. For attorneys' fees, expenses and costs incurred as a result of this action, in an amount to be determined by the Court; and

        c.      For such other and further relief as the Court deems just and proper under the circumstances, together with interest, and the costs and disbursements of this action.

Dated:      New York, New York
             July 14, 2021

                              VLOCK & ASSOCIATES, P.C.
                              Attorneys for Plaintiff
                              630 Third Avenue, 18th Floor
                              New York, New York 10017
                              (212) 557-0020

                              By: *s/Steven Giordano, Esq.*
                              Steven Giordano, Esq.